IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN OWENS                     :        CIVIL ACTION
                                  :
        v.                        :
                                  :
LIEUTENANT LAFORET, et al.        :        NO. 12-6597

<u>MEMORANDUM</u>

PRATTER, J.                              JANUARY 31, 2013

Stephen Owens, a prisoner currently incarcerated at the State Correctional Institution at Fayette, brings this <u>pro</u> <u>se</u> civil rights action, pursuant to 42 U.S.C. § 1983, against Lieutenant Laforet, Sheriff Officer Bilin Cabrea, and several John Doe Sheriff Officers.  He seeks to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  For the following reasons, the Court will grant Mr. Owens leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and dismiss his complaint as time-barred.

I.    FACTS[1]

On March 9, 2010, Mr. Owens was handcuffed by defendant Cabrea so that he could be transported from the Curran-Fromhold Correctional Facility, where he was incarcerated at the time, to the Criminal Justice Center ("CJC").[2]  Upon arriving at the CJC,

_____

[1]The following facts are taken from the complaint.

[2]According to Mr. Owens, he was scheduled to be released on that date.

Mr. Owens informed Officer Cabrea that the handcuffs were too tight and that he could not feel his right hand.  Officer Cabrea became enraged, addressed Mr. Owens by way of a racial slur, punched him in the face, head, and neck, and pushed him into the wall of the holding cell where the two men were then located.

At this point one of the John Doe officers arrived at the holding cell, asked what happened, and escorted Mr. Owens into the hallway, where the other John Doe officers were present.  Mr. Owens was describing what had happened when Officer Cabrea "broke through" the John Doe officers and again punched him in the face and head and pushed him into the wall.  None of the John Doe officers intervened in the assault.

Lieutenant Laforet arrived on the scene to investigate the situation.  Mr. Owens told the Lieutenant his version of the events and subsequently observed the Lieutenant speaking with Officer Cabrea.  Officer Cabrea then rushed toward Mr. Owens and began to assault him for the third time.  Officer Cabrea punched Mr. Owens in the head, knocked him off of a bench, and pushed his head into a wall.  Neither the John Doe officers nor Lieutenant Laforet attempted to stop the assault.  About 30 minutes later, Mr. Owens was taken to the hospital and then to the police station.

Mr. Owens asserts Eighth Amendment claims based on the three

assaults by Officer Cabrea and the other defendants' failure to
protect him from the assaults.  He also asserts a retaliation
claim against Lieutenant Laforet and the John Doe defendants
based on his allegation that their failure to protect him was
motivated by a desire to retaliate against him for giving a
statement against Officer Cabrea.  Finally, he asserts
Pennsylvania-law negligence claims against Lieutenant Laforet and
the John Doe defendants.

    This is not the first lawsuit that Mr. Owens filed based on
the events described in this complaint.  In August 2010, he filed
a complaint against Officer Cabrea and others, (which others are
not named in this case), based on the same incident.  Owens v.
Nutter, Civ. A. No. 10-4034 (E.D. Pa.).  All of the defendants
except for Officer Cabrea were dismissed from the case because
Mr. Owens failed to allege facts describing their personal
involvement in the violation of his rights.  Additionally, Mr.
Owens was instructed to provide sufficient information to allow
for service of the complaint on Officer Cabrea by March 8, 2012,
as the Marshal's initial attempt to serve Officer Cabrea was
unsuccessful.  Mr. Owens failed to provide that information, and
the Court dismissed his claims against Officer Cabrea without
prejudice in an October 1, 2012 order, at which point the Clerk
was directed to close the case.  Approximately two months later,

Mr. Owens filed the instant lawsuit.

## II.   STANDARD OF REVIEW

Mr. Owens is granted leave to proceed <u>in forma pauperis</u> because he has satisfied the criteria set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  That statutory provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.  Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), <u>see</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotations omitted).  If an affirmative defense is obvious from the face of the complaint, and if no development of the record is necessary, the Court may dismiss any facially invalid claims <u>sua</u> <u>sponte</u>.  See <u>Ray v. Kertes</u>, 285 F.3d 287, 297 (3d Cir. 2002).

Mr. Owens is proceeding <u>pro</u> <u>se</u>, so the Court will construe his allegations liberally.  <u>Higgs v. Att'y Gen.</u>, 655 F.3d 333, 339 (3d Cir. 2011).

**III. DISCUSSION**

In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, where Mr. Owens's claims arose, the relevant statute of limitations is two years. See 42 Pa. Cons. Stat. § 5524. The limitations period began running when Mr. Owens "knew or should have known of the injury upon which [his] action is based." Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

Mr. Owens clearly knew of the events giving rise to his cause of action on March 9, 2010, the date on which he alleges he was repeatedly assaulted by Officer Cabrea. See Pittman v. Metuchen Police Dep't, 441 F. App'x 826, 828 (3d Cir. 2011) (per curiam) ("Claims for . . . assault typically accrue on the date of the . . . assault, because that is when the plaintiff has reason to know of his injury."). However, he did not file this action until November 16, 2012, approximately eight months after the limitations period expired.[3] Accordingly, Mr. Owens's claims are time-barred. Furthermore, nothing in the complaint suggests a basis for equitable tolling. Indeed, the fact that Mr. Owens

---

[3]Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). Accordingly, the date on Mr. Owens's complaint, November 16, 2012, is the earliest possible date of filing.

previously filed an action in August 2010, based on the same events at issue in his complaint, reflects that he was capable of bringing his claims within the applicable limitations period.

**IV.  CONCLUSION**

For the foregoing reasons, Mr. Owens's complaint is dismissed as time-barred.  He will not be given leave to amend because amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  An **appropriate order follows.**